**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1862-17T3

ESSAM ARAFA, on behalf
of himself and others
similarly situated,

     Plaintiff-Appellant,

v.

HEALTH EXPRESS
CORPORATION,

     Defendant- Respondent.

_____

Argued May 13, 2019 – Decided June 5, 2019

Before Judges Messano, Fasciale and Rose.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4792-17.

Anthony S. Almeida argued the cause for appellant (The Sattiraju Law Firm, PC, attorneys; Ravi Sattiraju, of counsel and on the brief; Anthony S. Almeida, on the brief).

Michael T. Grosso argued the cause for respondent (Littler Mendelson, PC, attorneys; Michael T. Grosso and Dylan C. Dindial, on the brief).

PER CURIAM

We granted permission to reinstate this appeal, which is from a December 6, 2017 order granting defendant's motion to dismiss and compel arbitration, in the aftermath of the Supreme Court's decision in New Prime Inc. v. Oliveira, 586 U.S. ___, 139 S. Ct. 532 (2019).[1]  Relying on New Prime, we now reverse and remand.

Pursuant to a "contract of employment" entered into between plaintiff and defendant, plaintiff drove a truck and delivered defendant's pharmaceutical products in and around New Jersey.  Defendant classified plaintiff as an independent contractor instead of an employee.  That classification led to this lawsuit, in which plaintiff alleged that defendant violated two statutes: the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to -56a38; and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14.  Plaintiff alleged that defendant violated these statutes by failing to pay plaintiff for all of the hours that he worked and by withholding money from him.

---

[1]  We originally listed argument for May 21, 2018, but granted an adjournment because on that day, the Court issued its opinion in Epic Systems Corp. v. Lewis, 584 U.S. ___, 138 S. Ct. 1612 (2018).  Counsel returned for oral argument in October 2018, but voluntarily dismissed the appeal since the Supreme Court granted certiorari in Oliveira v. New Prime, Inc., 857 F.3d 7 (1st Cir. 2017), cert. granted, 586 U.S. ___, 138 S. Ct. 1164 (2019).  We allowed the parties to reinstate the appeal after the Court decided New Prime.

In support of its motion to dismiss and compel arbitration, defendant relied on the parties' arbitration agreement. The agreement specifically states: "This Agreement is governed by the Federal Arbitration Act [(FAA)], 9 [U.S.C.A. §§ 1 to 16]." Notwithstanding his status as an employee or an independent contractor, plaintiff opposed the motion relying on 9 U.S.C. § 1, which states in pertinent part "nothing herein contained shall apply to contracts of employment . . . of workers engaged in foreign or interstate commerce." He contended that his employment agreement qualified under Section 1. Plaintiff argued that because the FAA itself exempted employment contracts like his, it could not govern the parties' arbitration proceeding. In other words, the parties lacked a meeting of the minds. The judge granted defendant's motion without addressing the FAA argument and without conducting oral argument, although plaintiff had requested it.

On appeal, plaintiff maintains (like Oliveira in New Prime) that even as an independent contractor – as opposed to an employee – his contract with defendant qualifies as a "contract of employment" under Section 1. In New Prime, the Court resolved this question. Applying the meaning of the FAA as enacted in 1925, the Court concluded that a "contract of employment" meant "nothing more than an agreement to perform work." New Prime, 139 S. Ct. at

539. "As a result, most people then would have understood § 1 to exclude not only agreements between employers and employees but also agreements that require independent contractors to perform work." Ibid. Therefore, the Court upheld the First Circuit's determination that it "lacked authority under the [FAA] to order arbitration." Id. at 544.

Relying on New Prime, we conclude that plaintiff's employment contract qualifies under Section 1 under the FAA. Consequently, the FAA cannot govern the arbitration agreement, as contemplated by the parties. The inapplicability of the FAA to the parties' arbitration agreement undermines the entire premise of their contract. Because the FAA cannot apply to the arbitration, as required by the parties, their arbitration agreement is unenforceable for lack of mutual assent. And because the arbitration agreement is invalid, all other arbitration issues are moot.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1862-17T3